IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00658-WDM-KMT

EDWARD C. HERLIK,

    Plaintiff,

v.

ELAINE L. KNIGHT,

    Defendant.

---

# **ORDER**

---

This matter is before the court on Defendant Elaine L. Knight's "Motion to Substitute the United States as Defendant" ("Motion to Substitute" [Doc. No. 3, filed April 3, 2007]) and "Plaintiff's Motion to Suppress United States' Scope of Employment Certification" ("Motion to Suppress" [Doc. No. 45, filed August 9, 2007]).

Procedural History

This matter was originally filed as a state action in District Court, El Paso County, Colorado, case number 07CV0027, claiming damages for the common law tort of libel. [*See* Doc. No. 1, Summons and Complaint, Exhibit A.] The United States Attorney, representing the United States and Defendant Elaine L. Knight, filed a "Notice of Removal" [Doc. No. 1, filed April 3, 2007], attaching a certification by the Attorney General, through the United States Attorney, regarding the scope of employment of Defendant Elaine L. Knight. *See* Notice of

Removal, Exhibit B.  The certification stated, in pertinent part, "based upon the information now available with respect to the incidents referred to [in the Complaint], Brigadier General Knight was acting within the scope of her employment as an employee of the United States at the time of the incidents alleged in the Complaint."  *Id.*  Simultaneously, the Motion to Substitute was filed by the defendant.

After some delay, the plaintiff ultimately filed "Plaintiff's Response to United States'[3] Motion to Substitute" ("Response to Substitution" [Doc. No. 34, filed July 16, 2007]) and the defendant filed her "Reply in Support of Motion to Substitute the United States" ("Reply to Substitution" [Doc. No. 36, filed July 19, 2007]).  On August 3, 2007, the plaintiff also filed "Request to File Surreplys (sic) to [36] Reply in Support of [3] Motion to Substitute, and [38] Reply in Support of [5] Motion to Dismiss" ("Request for Surreplies" [Doc. No. 40]) and submitted the requested "Surreplys" [Doc. Nos. 41 and 42].  Plaintiff thereafter filed his Motion to Suppress, to which the Defendant filed "Defendant's Response to Plaintiff's Motion to Suppress Scope of Employment Certification" [Doc. No. 47, filed August 15, 2007], and Plaintiff filed "Reply to [47] Defendant's Response to [45] Motion to Suppress United States' Scope of Employment Certification" [Doc. No. 48, filed August 29, 2007 ].

Law and Analysis

    A.    Scope of Employment

In the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, Congress amended the Federal Tort Claim Act ("FTCA") to clarify that:

2

> The remedy against the United States provided by [the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded . . .

28 U.S.C.A. § 2679(b)(1)

It is undisputed that Elaine K. Knight, a Brigadier General in the United States Air Force, at the time in question, was an employee of the Government. Since the activity complained of was brought initially in a state court, the certification of scope of employment attached to the Notice of Removal required the removal of the action to the local federal district court. Title 28 U.S.C. § 2679(d)(2) states explicitly that "certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

Section 2679(d)(2), however, contains no such conclusive command with respect to substitution of the United States as the party-Defendant. Further, a plaintiff retains the right to challenge the scope of employment determination at any time before trial. *Osborn v. Haley*, 127 S. Ct. 881 (2007); *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 (1995). In *Lamagno* the Supreme Court specifically adopted a presumption favoring judicial review prior to substitution of parties if the scope of employment certification is contested, as it is in this case. *Id.*

The law of the state where the act or omission occurred governs the determination of whether the employee was acting within the scope of employment. Title 28 U.S.C. §1346(b)(1).

3

Since a scope of employment certification was issued by the Attorney General, by and through the United States Attorney for the District of Colorado, the burden, by a preponderance of the evidence, is now on the plaintiff to establish specific facts showing that Brigadier General Knight was acting outside of her scope of federal employment. *Melo v. Hafer*, 13 F.3d 736, 742 (3d Cir. 1994; *Alexander v. Schneider*, 1996 WL 14019 at *3 (N.D. Ill. 1996).

In Colorado, "[a]n employee is acting within the scope of his employment if he is doing work assigned to him by his employer, or what is necessarily incidental to that work, or customary in the employer's business." *Moses v. Diocese of Colorado*, 863 P.2d 310, 330 (Colo. 1993); *see Duran v. Flagstar Corp*., 17 F. Supp. 2d 1195, 1199 (D. Colo. 1998). The Declaration of Lieutenant General Frank G. Klotz [Doc. No. 3, Exhibit B] states that during the period in question, Knight was on temporary active duty as the Director of Air, Space and Information Operations for Air Force Space Command. The Declaration states that Plaintiff was within Brigadier General Knight's directorate and that Brigadier General Knight was Plaintiff Herlik's superior officer. Lieutenant General Klotz also certified that, as part of Knight's duties and responsibilities as provided in Air Force Instruction 36-2907, as a superior officer, she was "authorized to issue letters of reprimand and/or counseling to subordinates . . ." and to place them in the subordinate's Unfavorable Information File. *Id.* The disputed documents authored by Defendant Knight, filed under seal as Exhibits G, H and I with "Defendant's Response to Plaintiff's Motion to Postpone a Ruling on Defendant's Motion for Substitution" [Doc. No. 24], bear the heading of Department of the Air Force, Headquarters Air Force Space Command, with a representation of the seal of the Department of Defense. The Plaintiff's own Memorandum in

4

response to his notice that the reprimand was going to issue, *Id.* at Exhibit J, includes the same header information and also includes notations at the top and bottom stating, "For Official Use Only."

Plaintiff's Response to Substitution attacks the substance of the reprimand/counseling letters issued by Defendant Knight and asserts the circular argument that because he should not have been reprimanded for the actions in which he engaged and the contents of the letter(s) contained false statements, the actions were illegal and, therefore, outside the scope of employment. The plaintiff referenced certain lettered exhibits and designated these exhibits as "previously transmitted." *See, i.e.*, Response to Substitution at 5. The only exhibits "previously transmitted (or filed) by the plaintiff which were part of the record at that time were those accompanying "Plaintiff's Response to United States' [5] Motion to Dismiss" ("Response to Motion to Dismiss" [Doc. No. 33, filed July 9, 2007]). The court has, therefore, reviewed those exhibits in connection with the Response to Substitution.

Two of the exhibits to the Response to the Motion to Dismiss, Exhibits G and H, are memos dated October 17, 2006 and September 28, 2006, respectively, written by military attorneys representing the plaintiff in the underlying military administrative action. Those memos attempted to justify the actions taken by Lieutenant Colonel Herlik as part of the underlying activity which ultimately resulted in issuance of the letters of reprimand/counseling and argued, on Plaintiff's behalf, that the reprimand letters were unjustified in his case. Exhibit F to the Response to the Motion to Dismiss is a memo dated January 21, 2006, written by Lieutenant Colonel Herlik in his own defense explaining his position with respect to the underlying activity and requesting

5

that issuance of two letters of reprimand be reconsidered. Exhibit I to the Response to the Motion to Dismiss is a series of e-mails dated May 25, 2005, concerning the work done by the Lieutenant Colonel Herlik on a special project and asking for help to approve "Lt Col Herlik's waiver to go beyond 179 days to work this effort." Exhibit J to the Response to the Motion to Dismiss is a Cease and Desist Order to Lieutenant Colonel Herlik from Brigadier General Knight dated December 12, 2005. Exhibit K to the Response to the Motion to Dismiss contains two e-mails dated March 1, 2006, between Lieutenant Colonel Herlik and James Smith, again concerning the facts underlying the activity leading up to issuance of the letters of reprimand/counseling.

Both the Response to Substitution itself and all exhibits are, at best, relevant to the merits of Plaintiff's claim that he should not have been officially reprimanded for the activity in which he engaged. For purposes of the limited scope of employment issue, however, the content of the reprimand or counseling is not the issue. The issue is whether, in composing and filing such documents for inclusion in the military subordinate's Unfavorable Information File, the superior officer was acting within the course and scope of her assigned duties. In analyzing the scope of employment inquiry, the court is not constrained to accept the plaintiff's version of events as true at the point of decision on a Motion to Substitute Parties; the defendant must be afforded the opportunity to "present [her] version of the facts to a federal . . . court." *Osborn v. Haley* at 900 (*quoting Morgan v. Willingham*, 395 U.S. 402, 409 (1969)).

The Westfall Act's core purpose is to relieve covered employees from the cost and effort of defending the lawsuit and to place those burdens on the Government's shoulders when an

employee is acting within the scope of his or her employment responsibilities. *Osborn v. Haley*, 127 S. Ct. at 900-01. Whether that employee acted in a misguided or negligent manner is an issue to be addressed at a later point in the proceedings.

    B.  Multiple Pleadings

This court has liberally allowed the *pro se* plaintiff to file his Response to the Motion to Substitute substantially out of time [Order, Document No. 56, filed January 16, 2008]. However, the record shows that Plaintiff has persisted in attempting second and third "bites at the apple" in filing unauthorized and unwarranted additional pleadings in a never-ending cycle of repetition. There is no provision for filing a document captioned as a "surreply"[1] and no provision for the filing of a fourth pleading in a given matter without judicial permission. The proponent of a motion is allowed to file two documents, a motion and a reply, and the defender of a motion is allowed to file one document, a response. D.C.Colo.LCivR 7.1(C).

In spite of that, the court has reviewed Plaintiff's Request for Surreplys and the Motion to Suppress, together with the exhibits attached thereto. It is apparent to the court that the plaintiff's purpose and goal in filing the Motion to Suppress was, without acquiring Court authorization, to reiterate the arguments previously made in his Response to Substitution and to add further argument. The only 'new' information provided an attempt to ascribe a speculative motive to Defendant Knight's decision to issue an unfavorable reprimand/counseling letter for inclusion in the plaintiff's military file.

---

[1]  A term without basis or meaning in the Fed. R. Civ. P.

Findings of Fact and Law

Having considered all the referenced materials, the court finds and concludes as follows:

1.  The scope of employment certification filed by the defendant is appropriate and well-grounded in law and fact. The certificate is formally in order, closely tracking the language of the Westfall Act. It is undisputed that Defendant Brigadier General Elaine K. Knight was employed as the Director of Air, Space and Information Operations for Air Force Space Command. Her duties included the responsibility to oversee subordinate officers, including issuing letters of reprimand and counseling. The issuance of such letters was work assigned to her as part of her duties as Director. Preparing and submitting such letters were necessarily incident to her work as Director and were customary in the 'business' of the Air Force Space Command.

2.  Notwithstanding arguments and evidence allegedly relating to the merits of the plaintiff's case, the plaintiff has not offered proof sufficient to rebut the presumption that the defendant was acting within the scope of her federal employment as certified.

3.  Plaintiff's additional pleadings captioned as "Surreplys" offer no new information germane to the Motion to Substitute Parties (or to the Motion to Dismiss which is not currently the subject of this Order) and are not authorized filings pursuant to the Federal Rules of Civil Procedure or the District of Colorado's Local Rules.

4.  The Motion to Suppress filed by the defendant is incorrectly captioned and was presented for the purpose of circumventing the applicable Rules of Civil Procedure and Local Rules of this Court's limitations on pleadings.

WHEREFORE, it is ORDERED:

1. The United States' Motion to Substitute the United States as Defendant [Doc. No. 3] is GRANTED. The caption of this case will be so amended to reflect the United States of America as the Defendant. Elaine K. Knight will be removed as a party defendant.

2. The Plaintiff's Motion to Suppress United States' Scope of Employment Certification [Doc. No. 45] is DENIED.

3. The Plaintiff's Request to File Surreplys (sic) to Reply in Support of Motion to Substitute, and Reply in Support of Motion to Dismiss [Doc. No. 40] is DENIED.

4. Plaintiff's Surreply (sic) to United States' Reply in support of Motions to Substitute [Doc. No. 41] and Plaintiff's Surreply (sic) to United States' Reply in Support of Motion to Dismiss [Doc. No. 42] are STRICKEN.

Dated this 18th day of January, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge