IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00658-WDM-KMT

EDWARD C. HERLIK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)**
_____

This matter is before the court pursuant to an Order of Reference to the United States Magistrate Judge issued by District Judge Walker L. Miller on April 18, 2007 [Doc. No. 7].

**Procedural History**

The defendant, United States of America, filed its "Motion to Dismiss" ("Motion" [Doc. No. 5, filed April 6, 2007]) after having removed this libel action from state court pursuant to the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§ 2671-80. "Plaintiff's Response to United States'[5] Motion to Dismiss" was filed on July 9, 2007 ("Response" [Doc. No. 33], and the "Reply in Support of Motion to Dismiss" was filed by the defendant on July 19, 2007 ("Reply" [Doc. No. 35]).

Since some time had passed since the Motion was fully briefed, this court ordered the parties to file simultaneous briefs on or before February 1, 2008, addressing the possible limitation on the district court's subject matter jurisdiction pursuant to: 1) *Feres v. United States*, 340 U.S. 135 (1950)(service members cannot bring tort suits against the Government for injuries that "'arise out of or are in the course of activity incident to military service.'" *United States v. Johnson,* 481 U.S. 681, 686 (1987)); 2) the effect of *Jones v. Bock*, 127 S. Ct. 910 (2007) on the exhaustion issues; and, 3) the FTCA's waiver or non-waiver of sovereign immunity pursuant to Title 28, U.S.C. § 2680(h). [Doc. No. 59, filed January 18, 2008.] In response to the court's order, the defendant filed "United States Defendant's Response to the Court's Order of January 18, 2008." [Doc. No. 62, filed February 1, 2008].

As part of the removal proceedings, the United States requested that the United States be substituted as the defendant in lieu of Brigadier General Elaine K. Knight. ["Substitution" Doc. No. 3, filed April 3, 2007.] The plaintiff objected to the United States Attorney's scope of employment determination and certification that Elaine L. Knight's actions were within the scope of her employment as a federal government employee. After full briefing of that issue, the defendant's Motion to Substitute Party was granted and Plaintiff's Motion to Suppress United States' Scope of Employment Certification ("Mot. Supp." [Doc. No. 45, filed August 9, 2007]) was denied on January 18, 2008. A Motion for Reconsideration is currently pending.

**Background**

Lieutenant Colonel Herlik, a reserve officer at the Air and Space Command, Peterson Air Force Base, became acquainted with a "civilian contractor" as a neighbor in his homeowner's association. (Mot. Supp., Exhibit A.) Lieutenant Colonel Herlik claims to have thought certain

2

actions and activities engaged in by this individual were dishonest with respect to a zoning ordinance. When Herlik learned this person had a "security clearance" and was a government contractor, Lieutenant Colonel Herlik reported his feelings and observations concerning dishonesty to his information security office in Security Forces. *Id.* An investigation later ensued apparently addressing whether or not it was proper and appropriate for Herlik to have filed such a report based on his personal contact with this individual. Lieutenant Colonel Herlik was accused of abusing his authority for vindictive, personal reasons. (*Id.* at Exhibit F.) As a result of the investigation, Lieutenant Colonel Herlik was issued both a letter of reprimand and a letter of counseling signed by Elaine K. Knight, Herlik's superior officer. (Documents filed under seal [Doc. No. 26, attachments 1-4].) Plaintiff is alleging that the content of the two letters constitutes libel against him. (Complaint, Doc. No. 1, Exhibit A.) Although Lieutenant Colonel Herlik protested the issuance of the letter of reprimand and the letter of counseling, it is undisputed that Plaintiff did not file a claim through the Air Force Board for Correction of Military Records, the final appellate authority for correction of all Air Force records. (Doc. No. 5, Exhibit E.)

**Legal Analysis**

**A.     Standard for Relief Pursuant to Fed. R. Civ. P. 12**

Subject matter jurisdiction is a threshold question of law. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of jurisdiction for a court to consider a claim. Dismissal of an action is appropriate when the district court lacks subject matter jurisdiction over the action. Fed. R. Civ. P. 12(b).

3

"Subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place," so a 12(b)(1) inquiry must precede an adjudication on the merits. *Stuarte v. Colorado Interstate Gas Co.*, 130 F.Supp. 2d 1263, 1265 (D. Wyo. 2000)(*quoting* 5A Wright and Miller, *Federal Practice and Procedure,* § 1350 (Supp. 2000)) *affd.* 271 F.3d 1221 (10th Cir. 2001). "There are two types of motions to dismiss based on Rule 12(b)(1): a facial attack questioning the sufficiency of the complaint or . . . a challenge to the facts upon which subject matter jurisdiction depends." *Id.* Pursuant to Rule 12(b)(1), the court is free to consider matters outside the pleadings, including affidavits and documents, when the factual basis for subject matter jurisdiction is under attack. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). In instances where such documents or other evidence are considered, "a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a [motion under] Rule 12(b)(6)" or one for summary judgment. *Id.* at 1003; *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003). Where the challenge is to the facts upon which subject matter jurisdiction depends, a district "court may not presume the truthfulness of the complaint's factual allegations . . . and has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" under Rule 12(b)(1). *Id.*

In a motion filed pursuant to Fed. R. Civ. P. 12(b)(6), on the other hand, the court accepts all of a plaintiff's well-pleaded allegations as true, as well as any reasonable inferences that may be drawn from those allegations. *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). Care must be taken, however, to distinguish well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove

4

any set of facts entitling him to relief under his theory of recovery. *Southern Disposal Inc. v. Texas Waste Mgmt.*, 161 F.3d 1259, 1261-62 (10th Cir. 1998); *Ruiz* at 1181. The primary question then, under Rule 12(b)(6) is whether the plaintiff has alleged each element necessary to establish a *prima facie* claim on which relief can be granted. *Ruiz* at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997).

Finally, Fed. R. Civ. P. 12(h)(3) provides that whenever it is apparent that the court lacks subject matter jurisdiction, the court is to dismiss.

In order to maintain a suit against the United States, a claimant must assert both a basis for jurisdiction and a waiver of sovereign immunity, such as a claim pursuant to the FTCA. Lieutenant Herlik's only possible remedy arose under Title 28 U.S.C. § 1346(b), which constitutes a waiver of the government's immunity from tort actions generally. *Aviles v. Lutz*, 887 F.2d 1046, 1048 (C.A.10,1989). Affording *pro se* pleadings the liberal construction to which they are entitled under *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), the court must construe Lieutenant Colonel Herlik's tort claims as arising under the FTCA, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80; *Aviles* at 1048.

**B.   The *Feres* Doctrine**

It is undisputed that the claimed injury in this case arose incident to plaintiff's service in the United States Air Force. In his original complaint, the plaintiff states, "Plaintiff worked as an inventor and Air Force Reserve officer for over 15 years and as an Active Duty officer for 11 years previously." (Complaint [Doc. No. 1, Exhibit A].) Original Defendant Brigadier General Elaine L. Knight, at all times relevant to this action, was on temporary active duty as the Director of Air, Space and Information Operations for Air Force Space Command. (Substitute, Exhibit

5

A.) Plaintiff Herlik was one of Brigadier General Knight's subordinate officers within her directorate. *Id.* Brigadier General Knight's duties included the responsibility to oversee subordinate officers, including issuing letters of reprimand and counseling. *Id.*

The unfavorable documents authored by Defendant Knight in December 2005, filed under seal as Exhibits G, H and I with "Defendant's Response to Plaintiff's Motion to Postpone a Ruling on Defendant's Motion for Substitution" [Doc. No. 24, filed June 1, 2007], bear the heading of Department of the Air Force, Headquarters Air Force Space Command, and include a representation of the seal of the Department of Defense. Herlik's memorandum in response to the imminent reprimands, *Id.* at Exhibit J, includes the same letterhead information with notations at the top and bottom stating, "For Official Use Only." Another memo from Lieutenant Colonel Herlik, dated January 21, 2006, again addressing the proposed letters of reprimand was also printed on the same letterhead. (Mot. Supp., Exhibit F.) Two of the exhibits to the defendant's Response, Exhibits G and H, are memos dated October 17, 2006 and September 28, 2006, respectively, written by military attorneys representing the plaintiff in the Air Force conducted investigation. Also included in documents filed by the Plaintiff is a "Field Grade Officer Performance Report (Maj thru Col.)" by "HQ Air Force Space Command (AFSPC)/XO, Peterson AFB CO" for his performance November 14, 2004 through May 20, 2005. (*Id.* at Exhibit Q.)

The relationship between the Government and members of its armed forces is 'distinctively federal in character,' as the Supreme Court recognized in *United States v. Standard Oil Co.*, 332 U.S. 301, 305 (1947).

> Perhaps no relation between the Government and a citizen is more distinctively federal in character than that between it and members of its armed forces. To whatever extent state law may apply to govern the relations between soldiers or

others in the armed forces and persons outside them or nonfederal governmental agencies, the scope, nature, legal incidents and consequences of the relation between persons in service and the Government are fundamentally derived from federal sources and governed by federal authority.

*Id.* at 305-306.

In *Feres v. United States*, 340 U.S. 135, 146 (1950), the Supreme Court held the "[g]overnment is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Specifically addressed in *Feres* was "whether the Tort Claims Act extends its remedy to one sustaining 'incident to the service' what under other circumstances would be an actionable wrong[1]." *Feres* at 138.

In *United States v. Shearer*, 473 U.S. 52 (1985), the Supreme Court stated that claims involving military personnel are "the type of claims that, if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness. *Id.* at 59. *Shearer* specifically provided that claims of service members that go "directly to the management of the military" and call into question "basic choices about the discipline, supervision and control of a serviceman" are ineligible for the FTCA's waiver of sovereign immunity. *Id.* at 58.

A challenge to military disciplinary structure, as is mounted here, is inappropriate pursuant to the *Feres* Doctrine. This court, therefore, concludes that the claims brought by Lieutenant Colonel Herlik, regardless of how they are captioned and whether or not involving the common law torts of libel or slander, cannot be maintained in this federal court. Therefore, the magistrate

---

[1]As Section C(2) of this Recommendation addresses, libel is not an actionable wrong pursuant to the FTCA. However, this distinction does not alter the basic analysis herein.

judge recommends that the district court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), for lack of jurisdiction.

### C. Federal Tort Claims Act

Additionally, the plaintiff's claims in this matter also fail on two additional grounds involving this court's jurisdiction.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, amended the FTCA to clarify that:

> [t]he remedy against the United States provided by [the FTCA] for injury or loss of property, or personal injury or death or loss of property, arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason or the same subject matter against the employee . . . [and] [a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . is precluded.

Title 28 U.S.C. § 2679(b)(1).

As noted, in order to maintain a suit against the United States, waiver of sovereign immunity must be found. The FTCA is the vehicle for bringing common law tort claims against the United States in federal court. Title 28, U.S.C. §§ 2671-2680; *Feres v. United States*, 340 U.S. at 141(the United States District Court has exclusive jurisdiction of civil actions on claims against the United States, for money damages).

### 1. Failure to Exhaust Administrative Remedies

Plaintiff Herlik seeks to advance a tort claim for actions taken by a federal employee, Brigadier General Knight. Tort claims against federal employees can only be brought under the terms and conditions in the FTCA. The FTCA clearly specifies, in section 2675(a), that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Additionally, 28 U.S.C. § 2401(b) dictates that tort claims shall be "forever barred" unless the administrative claim is presented to the agency within two years of its accrual. 28 U.S.C. § 2401(b).

Although the statutory prerequisite of exhaustion of administrative claims in the FTCA has not been modified, exhaustion of administrative remedies is no longer a pleading requirement, pursuant to *Jones v. Bock*, 127 S. Ct. 910, 918-22 (2007), at least under the Prison Litigation Reform Act ("PLRA"). Subsequent to *Jones*, although exhaustion has become an affirmative defense to be raised by a defendant in PLRA cases, it is still mandated "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 127 S. Ct. at 918-19; *see also Worthen v. Oklahoma Dep't of Corrections*, No. Civ-07-687-R, 2007 WL 4563665, *3 (W. D. Okla. Dec. 7, 2007). "Bringing an administrative claim is a prerequisite before suit can be brought in the United States District Court under the FTCA." *Lurch v. United States*, 719 F.2d 333, 335 (10th Cir. 1983). This requirement is jurisdictional, imposed by Congress, and cannot be waived. *Id.*

The Tenth Circuit has not directly addressed whether *Jones v. Bock* changes the fundamental requirements of pleading a FTCA claim as it did in the PLRA. Section 2675 of the FTCA, like the PLRA, requires that administrative remedies be exhausted before suit is filed in district court. In the context of the PLRA, *Jones* simply provides that a plaintiff's failure to allege, in his complaint, that he exhausted all remedies available does not result in automatic dismissal of the entire case. It is unclear if the heightened pleading standard in the FTCA has survived the Supreme Court's holding in *Jones v. Bock*. Nonetheless, even if an FTCA plaintiff need not affirmatively plead exhaustion, an FTCA action may be dismissed, pursuant to Rule 12(b)(1) for want of subject matter jurisdiction based upon a failure to exhaust administrative remedies. *Robinson-Bey v. Feketee*, 219 Fed.Appx. 738, 740, 2007 WL 625713, *1 (C.A. 10 (Kan. 2007)(claims that remain unexhausted, regardless of pleading requirements addressed by *Jones v. Bock*, may be dismissed)(unpublished).

As part of its Motion, the defendant filed a Declaration of Gene Kirschbaum, who is and was assigned to the Claims and Tort Litigation Division, Air Force Legal Operations Agency, United States Air Force. (Motion, Exhibit E.) Mr. Kirschbaum has the responsibility under the Air Force claims regulations for overseeing the administration of Air Force tort claims records. His Declaration confirms that after a search of the appropriate tort claims records, no administrative tort claim was made by Edward C. Herlik, and no record was found in AFCIMS, the Air Force database. Further, the legal office at Peterson Air Force Base, where the incident at issue in the case occurred, also confirmed that "they had not received a tort claim from Edward C. Herlik . . . ." *Id.* at 2. The plaintiff does not assert in any of his pleadings that he availed himself of the administrative remedies offered to him, even though the United States Attorney provided

10

him with a "standard form 95" and a direction to file his claim with the "Air Force Claims Office." (Motion, Exhibit D.)

Because this plaintiff did not avail himself of this administrative process prior to filing his suit in state court and its removal to federal court, he cannot advance his FTCA claim in this court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Franklin Savings Corp. v. FDIC*, 385 F.3d 1279, 1287 (10th Cir. 2004). Therefore, it is recommended that the district court dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) on these grounds, as well.

### 2. Libel Claims pursuant to Title 28, U.S.C. §§ 1346(b), 2671-2680.

Lieutenant Colonel Herlik's original complaint in Colorado state court was titled "Libel Complaint." (Doc. No. 1, Exhibit A.) Although the FTCA confers jurisdiction to render judgment on many tort claims, it does not say that all claims must be allowed. Jurisdiction is necessary to deny a claim on its merits as matter of law as much as to adjudge that liability exists. *Feres v. United States*, 340 U.S. at 140-141.

Specifically excepted from the FTCA's waiver of sovereign immunity is liability for claims arising out of libel or slander. Title 28 U.S.C. §2680(h). Therefore, under the plain terms of the FTCA, Plaintiff's claim of libel is one for which relief cannot be granted and for which the court lacks jurisdiction. *Aviles v. Lutz*, 887 F.2d at 1048.

Plaintiff continues to maintain that Brigadier General Knight's actions were "illegal" and therefore outside the scope of her federal employment. He reasons, therefore, that the suit does not have to be brought against the United States and would not invoke the provisions of the Federal Tort Claims Act. In a similar case in this circuit, a Health and Human Services special agent-in-charge wrote a letter complaining about an employee's alleged interference with an

11

official investigation. *Philippus v. Griffin,* 759 F.2d 806 (C.A. 10, 1985). The court dismissed that part of the employee's complaint alleging defamation on the basis of the 28 U.S.C.A. § 2680(h) libel and slander exception. The employee claimed, much like Herlik claims here, he had a duty to help and support the investigation, and any reprimand could not be valid since the "interference" was commanded by his job responsibilities. Philippus argued that the conduct of the officials sued in reporting his interference was, therefore, outside their official duties and, therefore, not covered by the FTCA. *Id.* at 808. The court discredited the employee's endeavor to avoid the statutory exception, and the circuit court affirmed a judgment of dismissal.

The plaintiff here tries the same argument. Herlik states that he had an absolute duty to report dishonesty by a government contractor, albeit that he only came into that information as a result of a contentious homeowner's association relationship. Because of his alleged duty to report, he claims the actions of Brigadier General Knight in reprimanding him for performing his duty were illegal and, therefore, outside the scope of her employment.

Important to the determination of a motion to dismiss however, is not whether Brigadier General Knight was right or wrong in reprimanding the plaintiff, but whether she had the authority and right to make the decision to reprimand in the regular course and scope of her duties, thus allowing substitution of the United States as the proper party defendant. The court has already ruled on that issue. *See also Smalls v. United States*, 87 F.Supp. 2d 1055 (D. Haw. 2000) *cert. denied*, 127 S. Ct. 61 (2006)(FTCA, 28 U.S.C.A. § 2680(h), barred former serviceman's defamation claim against government arising out of serviceman's discharge status in his military records.) Having determined that the United States was properly substituted as the party defendant, then, Herlik's claims are barred by the FTCA.

This court recommends that the district court dismiss plaintiff Herlik's claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction pursuant to the Federal Tort Claims Act, as well as on the previously discussed grounds. Additionally, since Herlik's libel claims cannot be brought pursuant to the FTCA, the claims should also be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, for the foregoing reasons, it is hereby

RECOMMENDED that the Defendant's Motion to Dismiss [Doc. No. 5] be GRANTED.

**NOTICE: Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);** *In re Griego*, **64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."** *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.** *See Vega v. Suthers*, **195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision**

to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins, Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge