IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00658-WDM-KMT

EDWARD C. HERLIK,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____

## ORDER

_____

This matter is before the court on "Defendant's Motion for a Stay" ("Mot. Stay" [Doc. No. 13, filed May 2, 2007]). The plaintiff objected to the stay by letter which was treated as a Response to the Motion. ("Resp. 1" [Doc. No. 17, filed May 7, 2007]). The defendant filed "Defendant's Reply in Support of Its Motion for a Stay" ("Reply" [Doc. No. 20, filed May 11, 2007]). Plaintiff filed another "Response to [13] Motion to Stay All Discovery Pending Ruling on [5] Motion to Dismiss for Lack of Jurisdiction by Defendant." ("Resp. 2" [Doc. 21, filed May 14, 2007]).

The defendant requested an Order "staying all discovery in this matter pending a decision on Defendant's Motion to Dismiss . . ." (Mot. Stay at 1) The plaintiff's objection was based upon his need to obtain information about "violations of public law which led to my civil suit," discovery of which he claimed "will likely be <u>necessary</u> for that critical discussion with the U.S.

Attorney." (Resp. 1)(emphasis in original) Plaintiff also stated that he does not agree "to a prohibition against necessary research." (Resp.1) In its Reply, the United States met this challenge stating, "There is also no prohibition on Plaintiff conducting 'necessary research' as his response indicates. He is not only free, but encouraged to research his claim and the administrative pre-requisites to that claim, preferably by consulting with counsel." (Reply at 3) In his second Response, the plaintiff alleges that he had supplied the U.S. Attorney with discovery, but the "Defendant [at that time Elaine L. Knight] has not been forthcoming with the United States." (Resp.2 at 4)

A review of the docket for this case shows no further activity on this issue subsequent to June 1, 2007, when the defendant filed several exhibits under seal. It appears that no Scheduling Order was ever entered, outlining discovery parameters. Although the parties have filed numerous motions, responses and replies on various issues, it does not appear that discovery has been actively pursued by either party[1].

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

---

[1]     Plaintiff has filed a pleading called "Motion to Compel or in the alternative, Motion for Summary Judgment" [Doc. No. 49, filed October 2, 2007]. This, however, is not a discovery motion; the plaintiff "asks the Court to compel specific rebuttals of the documentation and detailed arguments contained in [45] Motion to Suppress and similar filings such as this one" seeking to require the defendant to respond to the merits of his claims rather than persist in its jurisdictional challenges.

for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir.1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)(*quoting Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir. 1971). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. Where a defense of immunity has been raised, however, there is basis for the position that "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Liverman v. Comm. on the Judiciary*, 51 Fed. App'x. 825, 2002 WL 31379892, *2 (10th Cir. 2002)(unpublished).

While a stay of all discovery is generally disfavored in this District, *Chavez v. Young American Ins. Co.*, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007); *Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304 (D. Colo. Aug. 14, 2006), a stay may be appropriate if

"resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In considering whether a stay of all discovery pending the outcome of defendant's Motion to Stay is warranted, a case-by-case analysis is required because such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case.

In this case, discovery has been functionally stayed due to the passage of time and the lack of a Scheduling Order. The undersigned magistrate judge filed a "Recommendation of United States Magistrate Judge on Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)" [Doc. No. 67, filed February 5, 2008] recommending all claims be dismissed for lack of jurisdiction. That recommendation is pending with the district court.

At this juncture, it appears that a stay of discovery is appropriate until a definitive ruling is made by the district court. Given the recommendation is pending, it is likely the movant will prevail and no litigant will suffer irreparable harm by stay of discovery at this juncture. The public interest in economy of judicial resources will be furthered by a stay pending the ultimate outcome of the dispositive motion.

WHEREFORE, it is hereby ORDERED:

 The Defendant's Motion for a Stay [Doc. No. 13] is GRANTED.

Dated this 7th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge