IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00658-WDM-KMT

EDWARD C. HERLIK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on a recommendation of Magistrate Judge Kathleen M. Tafoya, issued February 5, 2008 (Docket No. 67) that Defendant's Motion to Dismiss (Docket No. 5) be granted and Plaintiff's complaint be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff filed a timely objection to the recommendation (Docket No. 71) and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I must construe Plaintiff's pleadings liberally and hold him to a "less stringent standard" because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*,

404 U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in this case, I find that the recommendation should be accepted for the following reasons.

Legal Standard

A plaintiff who sues in federal court has the burden of establishing federal jurisdiction to hear the claim. *See Marcus v. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) ("Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991))). Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be in one of two forms. *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003) (citing *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)). First, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction." *Id.* "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Second, the moving party may "go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas*, 351 F.3d at 1013 (citing *Stuart*, 271 F.3d at 1225). In this case, "a district court may not presume the truthfulness of the complaint's factual allegations." *Holt*, 46 F.3d at 1003. Rather, the court may look to affidavits and other documents outside the pleadings and such reliance does not convert the motion to a Rule 56 motion for summary judgment.

*Id.*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

Background

Plaintiff, a United States Air Force Reserve Officer, filed his complaint in District Court, El Paso County, Colorado on January 22, 2007 setting forth a libel claim against Elaine L. Knight, Plaintiff's superior officer. At the time of the alleged events, Knight was acting on a temporary active duty assignment as the Director of Air, Space, and Information Operations for Air Force Space Command. Plaintiff generally alleges that Knight and other unknown defendants committed libel against him by "endors[ing] and mak[ing] permanent a reprimand in letter for record form stating that Plaintiff had abused his authority." (Compl. ¶ 4.) The reprimand letter resulted from Plaintiff

reporting that a United States Military contract employee, who was Plaintiff's neighbor, was allegedly engaged in dishonest activities with respect to a zoning ordinance.[1] The reprimand letter is apparently based on Defendant's assessment that Plaintiff was abusing his authority by reporting the neighbor's allegedly dishonest behaviors. Plaintiff alleges that he was under a statutory duty to report the dishonest activities.

After conferring with Plaintiff via letter, Defendant removed the case to federal court on April 3, 2007 pursuant to 28 U.S.C. § 2679(d)(2) (requiring removal to the United States District Court "[u]pon certification by the Attorney General" that the United States employee named in a state civil case "was acting within the scope of his office or employment"). After removal, Defendant moved to substitute the United States as the defendant (Docket No. 3) pursuant to 28 U.S.C. § 2679(b)(1) (providing that a suit against the United States is the exclusive remedy for persons with claims for damages "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). This motion was granted on January 18, 2008 (Docket No. 57) and Plaintiff's related Motion to Reconsider (Docket No. 60) was denied on February 6, 2008 (Docket No. 68). Plaintiff did not object to Magistrate Judge Tafoya's rulings pursuant to Fed. R. Civ. P. 72(a) and, therefore, is precluded from "assign[ing] an error in" either of these orders.

---

[1] Part of Plaintiff's objection alleges that the facts cited in Magistrate Judge Tafoya's Recommendation are inaccurate. In particular, he alleges that it is a fact and not subject to Plaintiff's interpretation that the contract employee was engaged in dishonest activities. I first note that, in a lawsuit, all facts must be proven to the applicable standard of proof. Second, I note that this objection has no relevance to the issue of jurisdiction.

On April 6, 2007, Defendant filed a Motion to Dismiss (Docket No. 5) based on Plaintiff's failure to exhaust administrative remedies prior to filing suit as required by 28 U.S.C. § 2675(a) (providing that "an action shall not be instituted" against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"). Plaintiff responded (Docket No. 33) and Defendant replied (Docket No. 38). However, on January 18, 2008, Magistrate Judge Tafoya issued an Order (Docket No. 59) directing the parties to file, by February 1, 2008, further briefs on the following three issues:

> 1) *Feres v. United States*, 340 U.S. 135 (1950) ("service members cannot bring tort suits against the Government for injuries that 'arise out of or are in the course of activity incident to service.'" *United States v. Johnson*, 481 U.S. 681, 686 (1987)); 2) the effect of *Jones v. Bock*, 127 S. Ct. 910 (2007) on the exhaustion issue; [and] 3) the [Federal Tort Claim Act's] waiver or non-waiver of sovereign immunity pursuant to Title 28, U.S.C. § 2680(h).

In response, Defendant filed a brief addressing the enumerated issues (Docket No. 62) and a second Motion to Dismiss (Docket No. 64) alleging that Plaintiff's claims were barred by *Feres*, 340 U.S. at 141–46, and 28 U.S.C. § 2680(h). Plaintiff did not file a timely response to the Order, instead filing, on January 31, 2008, a motion for a 60-day extension of time to respond (Docket No. 61) alleging that his Motion to Reconsider (Docket No. 60) may moot the Order. This motion for extension of time was denied on February 1, 2008 (Docket No. 63). Thereafter, although five days late, Plaintiff filed a brief in response to Magistrate Judge Tafoya's Order on February 6, 2008 (Docket No. 70). However, Magistrate Judge Tafoya had already entered her recommendation.

Magistrate Judge Tafoya's recommendation states it deals only with Defendant's first Motion to Dismiss[2] (Docket No. 5), but the recommendation also addresses issues raised by Defendant in its second Motion to Dismiss (Docket No. 64). Plaintiff has not responded to Defendant's second Motion to Dismiss. Plaintiff was, however, given sufficient opportunity to address these issues by Magistrate Judge Tafoya's Order dated January 18, 2008 but failed to timely file a brief. In light of the foregoing facts, I find it appropriate to address the issues raised by Magistrate Judge Tafoya's January 18, 2008 Order but only as related to the briefs filed in response to the motion and not in response to Defendant's second motion to dismiss.

## Discussion

All of Magistrate Judge Tafoya's recommendations are based on the assumption that Plaintiff brings his claim under the Federal Tort Claims Act ("FTCA"). Plaintiff objects to the recommendation on the grounds that he is not bringing his suit under the FTCA. If this is the case, however, there is no question that his claim must be dismissed, as the FTCA is the exclusive remedy for tort actions against a Government

---

[2] Defendant's first Motion to Dismiss is based purely on Plaintiff's failure to exhaust administrative remedies. Defendant argues that the United States, via the Federal Tort Claims Act ("FTCA"), has not waived sovereign immunity for tort claims that have not been administratively exhausted and, therefore, this Court lacks subject matter jurisdiction to adjudicate the case. In response, Plaintiff states that the administrative procedures are "irrelevant;" that he actually did "appeal to multiple leaders" to reverse the reprimand letter; that he does not bear the burden to prove jurisdiction as he is not the party invoking federal jurisdiction (presumably because Defendant removed to federal court); and that sovereign immunity does not apply because Knight acted outside the scope of her employment. The remainder of Plaintiff's response brief focuses on whether Knight, in issuing the reprimand letter, acted in the scope of her employment—a determination made by Magistrate Tafoya on January 18, 2008 (Docket No. 57).

employee acting within the scope of his employment. *See* 28 U.S.C. §§ 1346(b), 2679(b)(1). Generally, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature; therefore, if the Government has not waived its sovereign immunity, a court is devoid of jurisdiction to hear any cases against the Government. *See id.* "In the FTCA, Congress waived the United State's sovereign immunity for claims arising out of torts committed by federal employees" acting in the scope of their employment. *Ali v. Fed. Bureau of Prisons*, 128 S.Ct. 831, 835 (2008); 28 U.S.C. § 1346(b)(1) (providing that the district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). Congress also provided that suit under the FTCA is the exclusive remedy for claims brought for a "negligent or wrongful act or omission" of any Government employee acting within the scope of his employment. 28 U.S.C. § 2679(b)(1). Therefore, as Plaintiff's claim is based on an allegedly wrongful act of a Government employee acting within the scope of her employment, the claim must be brought under the FTCA or not at all. *Id.*

    I note that Plaintiff also claims that Knight was not acting within the scope of her employment when she issued the reprimand letter—a claim that, if true, would take the claim outside the purview of the FTCA. However, Magistrate Judge Tafoya has previously accepted Defendant's certification that the Knight was acting within the

scope of her employment when she issued the letter of reprimand and allowed the United States to substitute as the defendant in the action (Docket No. 57).  Magistrate Judge Tafoya has also denied Plaintiff's Motion to Reconsider the issue (Docket No. 68).  As Plaintiff did not file a timely objection to these rulings by Magistrate Judge Tafoya pursuant to Fed. R. Civ. P. 72(a), I decline to address Plaintiff's arguments on the issue here.  Therefore, Plaintiff's exclusive remedy against the United States for his claim of libel by a Government employee is the FTCA.

Magistrate Judge Tafoya recommends dismissal on three grounds.  I agree with Magistrate Judge Tafoya on all three grounds for dismissal.  First, Magistrate Judge Tafoya found that a "challenge to military disciplinary structure, as is mounted here, is inappropriate pursuant to the *Feres* Doctrine."  (Rec. at 7.)  The *Feres* Doctrine holds that "the Government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or in the course of activity incident to service."  *Feres*, 340 U.S. at 146.  The Supreme Court expanded on this doctrine in *United States v. Shearer* and noted that "the *Feres* doctrine cannot be reduced to a few bright line rules; each case must be examined in light of the statute as it has been construed in *Feres* and subsequent cases."  473 U.S. 52, 57 (1985).  *Shearer* went on to note that a very important issue in applying the *Feres* doctrine is "whether the suit requires the civilian court to second-guess military decisions, and whether the suit might impair essential military discipline."  *Id.* (citations omitted).  In this case, Plaintiff's claims certainly "arise out of or in the course of activity incident to service"—namely, the disciplinary process of the United States military.  Furthermore, Plaintiff's claims of libel in a formal

reprimand letter require this Court to "impair essential military discipline" and may well "second-guess military decisions." *Id.* Therefore, under *Feres*, this Court lacks jurisdiction over Plaintiff's claims.

Second, Magistrate Judge Tafoya found that Plaintiff failed to exhaust his administrative remedies prior to suit as required by the FTCA. As noted above, the FTCA waives sovereign immunity for certain tort claims. *Ali*, 128 S.Ct. at 835; 28 U.S.C. § 1346(b)(1). The express terms of such waiver, however, are limited such that a suit may not be brought against the Government, "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Although there seems to be some question as to whether this a pleading requirement or simply an affirmative defense,[3] *see Jones v. Bock*, 127 S. Ct. 910, 918–22 (2007) (addressing the FTCA under the Prison Litigation Reform Act), exhaustion of administrative remedies is a prerequisite to suit under the FTCA.[4] *See McNeil v. United States*, 508 U.S. 106, 107 (1993); 28 U.S.C. § 2675(a).

In this case, it is undisputed that Plaintiff has not exhausted his administrative remedies. Plaintiff admits that he has not filed a "standard form 95," the form for filing a "claim for damage, injury or death," even after he was advised he should do so by the United States Attorney assigned to defend Plaintiff's suit. Furthermore, Defendant has

---

[3] I note that this distinction is irrelevant with respect to this case, as Defendant raised exhaustion of remedies in its motion to dismiss that was filed in lieu of an answer. *See* Fed. R. Civ. P. 12.

[4] Plaintiff's argument that he is not making his claim pursuant to the FTCA will be addressed below.

supplied a declaration that the United States Air Force Claims and Tort Litigation Division has no record of any claim filed by Plaintiff. Plaintiff's argument that this form does not apply to him because he has not been physically injured is not persuasive. The law recognizes injury and damages in more than the physical sense and Plaintiff's own complaint alleges that, as a result of the reprimand letter, "Plaintiff suffered loss of his reputation and preferred career; he has suffered shame, mortification, and injury to his feelings as well as injuries resulting from the adverse effects on his loved ones; all to his damage in an amount which continues to accumulate. . . ." (Comp. ¶ 9.) Plaintiff also admits that he has not filed a claim through the Air Force Board for Correction of Miliary Records. Instead, he simply alleges that he was not required to exhaust this administrative remedy because "it has no means for holding offenders accountable or for awarding damages." However, whether a plaintiff deems the administrative remedy adequate does not excuse Plaintiff's obligation to exhaust administrative remedies under the FTCA. Therefore, as there is not dispute that Plaintiff failed to exhaust his administrative remedies as required by the FTCA, this Court lacks jurisdiction over Plaintiff's claims. See McNeil, 508 U.S. at 107; 28 U.S.C. § 2675(a).

Finally, Magistrate Judge Tafoya determined that Plaintiff's claims of libel are excluded by the express terms of the FTCA. The FTCA's waiver of sovereign immunity expressly excludes certain types of cases including those "arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h). In other words, the Government has retained its sovereign immunity for suits arising out of libel. Therefore, because the FTCA provides the exclusive remedy for tort claims against Government employees acting in the scope

of their employment but excludes suits arising out of libel, a Plaintiff who has been the victim of libel by a Government employee acting within the scope of his employment is without a judicial remedy. In this case, and as discussed above, Magistrate Judge Tafoya already determined that, pursuant to the FTCA, the United States is the proper defendant in this case as Knight was acting in the scope of her employment when she issued the reprimand letter. *See* Order, Docket No. 57.

Plaintiff objects to Magistrate Judge Tafoya's reliance on *Philippus v. Griffen*, 759 F.2d 806 (10th Cir. 1985) in her determination that the FTCA bars his suit for libel. Magistrate Judge Tafoya discussed this case while addressing Plaintiff's argument that because he alleges Knight's actions were illegal they cannot be within the scope of her employment. Although I agree with Plaintiff that Magistrate Judge Tafoya's recitation of the facts of *Philippus* was inaccurate,[5] I do not agree that it affects her ultimate determination that Plaintiff's claim is barred by sovereign immunity. As Magistrate Judge Tafoya addressed Plaintiff's illegality argument in her January 18, 2008 Order without discussing *Philippus* and references this Order in the recommendation, I conclude that her inaccurate factual recitation of *Philippus* is irrelevant. Therefore, Plaintiff cannot plead any facts that would support his claim for libel and his claim must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

---

[5] Magistrate Judge Tafoya mistakenly stated that the *Philippus* plaintiff claimed "he had a duty to help and support the investigation, and any reprimand could not be valid since the 'interference' was commanded by his job responsibilities." (Rec. at 12.) In fact, the *Philippus* plaintiff was reprimanded for not complying with his affirmative duty to help and support the investigation and was not claiming he had a duty to aid the investigation. His actual argument, rejected by the court, was that the two officials' action of reporting plaintiff's misconduct was outside the scope of their employment because his misconduct occurred outside his job responsibilities.

The only other objection Plaintiff presents that addresses the bases for Magistrate Judge Tafoya's recommendation is that 28 U.S.C. § 2679(b)(2)(B) allows his suit against Knight to continue. 28 U.S.C. § 2679(b)(2)(B) provides that the subsection providing that the FTCA is the exclusive remedy for tort actions arising out of the negligent or wrongful acts of employees acting in the scope of their employment does not apply to a civil action against a Government employee of "which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." Plaintiff argues that this provision outlines the process by which his suit against Knight may proceed and that substitution of the United States was improper. However, Plaintiff has not provided any citation to a statute of the United States that authorizes a libel action against a Government employee as is needed to invoke the subsection. Furthermore, Magistrate Judge Tafoya has already ruled that the United States is the proper defendant in this case and I will not second-guess her determination when Plaintiff has not timely objected to her order pursuant to Fed. R. Civ. P. 72(a). The remainder of Plaintiff's objection deals with the merits of his claim and the propriety of substituting the United States as the defendant in this case. It is not appropriate to discuss the merits of Plaintiff's underlying claim at this stage of the proceeding, *i.e.*, when jurisdiction and sovereign immunity are at issue. And, as noted many times above, Magistrate Judge Tafoya has already determined that the United States is the proper party in this case.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Kathleen M. Tafoya (Docket No. 67) is

accepted.

2. Defendant's Motion to Dismiss (Docket No. 5) is granted.

3. Defendant's second Motion to Dismiss (Docket No. 64) is denied as moot.

4. Plaintiff's case is dismissed with prejudice for lack of jurisdiction and failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1), (6).

DATED at Denver, Colorado, on March 12, 2008.
BY THE COURT:


s/ Walker D. Miller
United States District Judge